ISAAC STARBIRD *versus* PAUL R. CURTIS AND AL.

Money paid under a mutual mistake of fact may be recovered back.

An agent authorized to purchase one sixteenth part of ship at forty dol-lars a ton does not bind his principal by purchasing two sixteenths at forty-four dollars a ton, one sixteenth being on his own account, unless subsequently ratified.

EXCEPTIONS to the rulings of MAY, J., presiding.

This is an action of assumpsit upon the following count:

For that the said defendants, at said Harpswell, on the first day of June, A. D. 1854, in consideration that the plaintiff then and there agreed and promised the defendants to pay them at the rate of forty dollars per ton for one sixteenth part of a certain vessel which the defendants were then building, the defendants then and there, in considera-tion thereof, promised and agreed to sell and deliver to the plaintiff, and that the plaintiff should have, one sixteenth part of said vessel at the rate of forty dollars per ton there-for. And the plaintiff avers that in pursuance of said agree-ment he paid said defendants, on the first day of June, A. D. 1854, the sum of six hundred dollars, and was ready and wil-ling to pay such other sum as said sixteenth might amount to. Yet the defendants refused to sell or let him have said portion of said vessel at said rate; but in consideration of the receipt of said six hundred dollars, agreed and promised to pay him said sum and interest thereon.

The defendants entered into a contract to build a ship at $44 per ton, of which Elisha Potter agreed to take one six-teenth part, and upon representations made by him to George Potter that the ship was under contract, at $40 per ton, said George agreed to take one sixteenth part, and the plaintiff agreed with said George Potter that he would take another sixteenth at the same price per ton, and paid six hundred dollars, which came into the hands of the defend-ants, by the hands of George Potter, and for which they gave their receipt on account of the ship. The contract

Starbird v. Curtis.

refered to by Elisha Potter was for the sum of forty-four dollars per ton, and the defendants refused to convey to the plaintiff one sixteenth part of said ship at forty dollars per ton, but offered to do so at forty-four dollars, according to the contract, whereupon this action is brought to recover back of the said defendants the sum of six hundred dollars.

The judge remarked to the jury that the plaintiff claimed to recover the six hundred dollars, paid to the defendants, upon the ground that it was paid under a mutual mistake of fact, alleging that he had paid it towards a contract which at the time he paid it he supposed had been made with the defendants for him for one-sixteenth of their ship, at the rate of forty dollars per ton, when in truth and in fact no such contract had been made.

The court instructed the jury, if they were satisfied that when the money was paid there was a valid, subsisting contract existing between the parties, in pursuance of which, or in part performance of which the money was paid, and that the defendants on their part have performed said contract as it then existed, or was subsequently modified by the consent of the plaintiff; or that the defendants on their part have always been ready to perform such contract according to its then existing or subsequently modified terms, and the plaintiff on his part refused to perform said contract, or if it failed of being performed by reason of his own fault or negligence, the contract not having been mutually waived, then the plaintiff cannot recover; and further, that an express contract cannot exist without the assent of both the parties in some way to it. A contract is a mutual agreement made by the parties themselves or by some authorized agent or agents in their behalf.

The jury were further instructed that if they should find there was no such contract, and the plaintiff paid the money sued for under the belief that a contract had been made by Mr. George Potter in his behalf with the defendants, for one-sixteenth of the ship at forty dollars per ton, when no such contract had in fact been made, and the defendants received

it under the belief that said Potter, as the agent of the plaintiff, had contracted, in behalf of the plaintiff, to take one-sixteenth of the ship, at forty-four dollars per ton, when in fact no such contract had been made by said Potter, or if made, was in fact unauthorized by the plaintiff, then the plaintiff would be entitled to recover the money back, as having been paid under a mutual mistake of fact.

The jury were further instructed that if they should find that George Potter did in fact contract with the defendants in behalf of the plaintiff to pay forty-four dollars per ton for one-sixteenth of the ship, and had no authority from the plaintiff to make such a contract, and the contract was not subsequently ratified by the plaintiff, then the plaintiff would not be bound by it, even though said Potter had before contracted with the defendants to purchase one-sixteenth of the ship at forty-four dollars per ton on his own account.

The judge also commented on the testimony in the case tending to show that if any contract had in fact existed between these parties it had been mutually rescinded, and upon this point in the case instructed the jury that if they were satisfied from the evidence that the parties had mutually agreed to rescind the contract, if one ever existed, and had in fact rescinded it before the commencement of this suit, and the defendants had agreed to pay back the money sued for to the plaintiff, then the plaintiff would be entitled to recover.

The counsel for defendants requested the court to instruct the jury as follows, viz.: " If the jury are satisfied that the six hundred dollars was paid to the defendants by the plaintiff, in part fulfillment of a contract made with them by George Potter, acting in behalf of the plaintiff, for one-sixteenth of their ship at forty-four dollars per ton, then the plaintiff cannot recover;" which instruction the court declined to give in that form, or any other, except so far as such requested instruction is contained in the instructions which were given as before stated.

The jury returned a verdict for the plaintiff.

*Whitmore*, counsel for the plaintiff.

*H. P. & L. Deane*, counsel for the defendants.

HATHAWAY, J. The plaintiff was not a party to the contract for building the ship. He does not appear to have signed it, or to have authorized any one to sign it for him, or even to have seen it, and all he seems to have done towards a bargain was to tell Potter he would take one sixteenth, at forty dollars per ton, which Potter told him was the price, and to request Potter to write to the defendants that he would take one sixteenth, which Potter did; and he gave Potter six hundred dollars to pay to defendants, which they received. We do not perceive how the defendants could have been aggrieved by any of the rulings of the court in the progress of the trial, or by any of the instructions given to the jury.

The instruction requested, and refused, so far as it could properly be given, was embraced in the previous instructions. Potter might have been "acting in behalf of the plaintiff" without any authority to do so. The instruction, as requested, was properly refused.

*Exceptions overruled.*